IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY LEE VICKERY, § | | |
| TDCJ #1258343, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-06-3773 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

The petitioner, Bobby Lee Vickery (TDCJ #1258343), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Vickery has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, and a supporting memorandum, seeking relief from a 1996 state court conviction. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I. BACKGROUND

Vickery reports that he pled guilty on March 4, 1996, to possession-of-marijuana charges in cause number 7766. As a result, the 12th Judicial District Court of Leon County, Texas, imposed a six-year prison sentence. Vickery did not file a direct appeal. Instead, he waited ten years, until July 17, 2006, to file a state application for writ of habeas corpus. The

Texas Court of Criminal Appeals dismissed the application on November 8, 2006, after finding that Vickery's sentence has been discharged. *See Ex parte Vickery*, No. 65,734-02 (Doc. # 2, Exhibit E).

Vickery filed the pending petition for a federal writ of habeas corpus to challenge his 1996 conviction on November 24, 2006.[1] Vickery, who concedes that the 1996 sentence that he seeks to challenge has expired, remains incarcerated at the Terrell Unit in Rosharon, Texas.[2] Vickery has a previous conviction for sexual abuse of a child. *See Vickery v. State*, 566 S.W.2d 624 (Tex. Crim. App. 1978). Since the expiration of his 1996 conviction for possession of marijuana, moreover, Vickery was convicted on September 1, 2004, following a jury trial in the 4th Criminal District Court of Tarrant County, Texas, in cause numbers 890792 and 890810. Both of those convictions were for indecency with a child. Vickery received prison sentences of twenty-five years and thirty years in those cases, respectively. Those convictions were affirmed in a joint appeal, *see Vickery v. State*, Nos. 02-04-422-CR & 02-04-423-CR, 2005 WL 2244730 (Tex. App. — Fort Worth, Sept. 15, 2005), and the Texas Court of Criminal Appeals refused Vickery's petition for discretionary review on February 15, 2006.

---

[1] The Clerk's Office received the petition on November 30, 2006. Vickery executed the petition on November 24, 2006, indicating that he placed his pleadings in the prison mail system on that day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Accordingly, the petition is deemed filed on the date that Vickery placed his pleadings in the mail.

[2] Because the petitioner is incarcerated within the Southern District of Texas, this Court has jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

Noting that his 1996 conviction for possession of marijuana was used to enhance the punishment that he received recently in 2004, Vickery contends that he is entitled to relief from his 1996 conviction for the following reasons: (1) the trial court failed to adequately admonish him regarding his right to representation "by counsel" or "by himself," which resulted in the denial of effective assistance of counsel; (2) he was denied his right to a trial by jury; (3) the evidence was insufficient to support his guilty plea; and (4) the indictment was fundamentally defective. The Court concludes, however, that the petition must be dismissed for alternative reasons discussed more fully below.

## II.     DISCUSSION

### A.     Statute of Limitations

Vickery's challenge to his 1996 conviction is untimely. Because Vickery challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Vickery pled guilty on March 4, 1996. Although Vickery did not file an appeal, his time to do so expired thirty days later on or about April 4, 1996, meaning that his conviction became final on that date.

Federal habeas corpus petitioners whose convictions became final before the AEDPA's effective date on April 24, 1996, were afforded a one-year grace period to file their claims for relief in federal court. *See United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999) (discussing a habeas corpus application filed

under 28 U.S.C. § 2255). Therefore, Vickery had until April 24, 1997, to file his federal writ. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Vickery's pending federal petition, filed on November 24, 2006, is over nine years late. Given the length of time that Vickery waited to challenge his 1996 conviction, he is not eligible for any tolling — statutory or otherwise.[3] Accordingly, the petition is barred by the governing one-year statute of limitations.

**B. Custody**

More importantly, Vickery cannot show that he is entitled to relief from his 1996 conviction for possession of marijuana because the six-year sentence imposed has been discharged. Federal habeas corpus statutes give the United States district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). The United States Supreme Court has held that a petitioner is not "in custody" for purposes of the federal habeas corpus statutes once his sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Because the sentence that Vickery seeks to challenge has been discharged, this Court lacks subject matter jurisdiction to determine the legality of that conviction. *See id.* at 492-93.

---

[3] As noted above, Vickery did not file a direct appeal and he did not challenge his 1996 state court conviction for possession of marijuana until July 17, 2006, when he submitted a state habeas corpus application, which the Texas Court of Criminal Appeals dismissed on November 8, 2006. *See Ex parte Vickery*, No. 65,734-02 (Docket Entry No. 2, Exhibit E).

Vickery does not dispute that the sentence has been discharged. In his supporting memorandum, however, Vickery argues that he is technically "in custody" because the 1996 conviction was used to enhance his punishment in 2004. Even if Vickery's 1996 conviction was used to enhance the punishment that he received in 2004, when he was convicted in the 4th Judicial District Court of Tarrant County, Texas, review of his present federal habeas petition is still barred because the 1996 conviction is no longer open to attack. Under these circumstances, the Supreme Court has recognized that such a conviction is "conclusively valid" for purposes of enhancing an offender's punishment:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (internal quotation to *Daniels v. United States*, 523 U.S. 374, 121 S. Ct. 1578, 1583 (2001) omitted).

Because the conviction that Vickery seeks to challenge is conclusively valid, his petition fails to state a cognizable claim over which this Court has jurisdiction.[4] *See Coss,*

---

[4] There is an exception to the rule of conclusive validity for enhancement convictions that were obtained in violation of the right to counsel as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Coss*, 532 U.S. at 404 (setting out the exception for enhancement convictions obtained in violation of *Gideon*). The supporting memorandum filed by Vickery, which contains allegations that his attorney failed to adequately investigate or object to the charging instrument, confirm that he was represented by counsel during his 1996 proceeding. Because Vickery was represented by counsel, he does not fit within the exception for convictions obtained in violation of *Gideon*.

5

532 U.S. at 403-04; *Godfrey v. Dretke*, 396 F.3d 681 (5th Cir. 2005), *cert. denied*, — U.S. —, 126 S. Ct. 205 (2005). For this reason, the petition is subject to dismissal. Alternatively, the petition must be dismissed for an additional reason, discussed more fully below, because a review of Vickery's claims is constrained by his guilty plea, the validity of which he does not challenge.

### C.   The Claims Are Waived

As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal. *See Bradshaw v. Stumpf*, — U.S. —, 125 S. Ct. 2398, 2407 (2005). Rather, the validity of a plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of the bargain to which he agreed. *See id*. (citations omitted). Thus, by pleading guilty to an offense a criminal defendant waives all non-jurisdictional defects preceding the plea. *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). This includes those claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 200 F.3d 386, 392 (5th Cir. 2000).

The petition filed by Vickery does not include a claim that his decision to plead guilty was involuntarily or unknowingly made. His allegations do not otherwise call into question the validity or voluntariness of the guilty plea. Accordingly, Vickery's claims are waived.

It follows that he cannot show that he is entitled to a federal writ of habeas corpus and he is not entitled to relief under 28 U.S.C. § 2254.

### III.  **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the

petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons outlined above, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has articulated a constitutional violation. Therefore, a certificate of appealability will not issue.

## IV. CONCLUSION

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  December 5th  , 2006.

_____
Nancy F. Atlas
United States District Judge